UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>AWN</small> G<small>UYOT</small>,

    Plaintiff,

    v.

B<small>RYAN</small> R<small>AMSEY</small>, BMR S<small>ECURITY</small> S<small>OLUTIONS</small>, LLC, a Michigan limited liability company, and BMR <small>LAWN</small> C<small>ARE</small>, LLC, a Michigan limited liability company,

    Defendant.

_____/

Case No. 14-cv-13541

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANTS</small>' M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small> [33] I<small>N</small> P<small>ART</small>**

**I. I<small>NTRODUCTION</small>**

Dawn Guyot ("Plaintiff") commenced this action on September 11, 2014 against Bryan Ramsey, BMR Security Solutions, LLC, and BMR Lawn Care, LLC ("Defendants"). *See* Dkt. No. 1. Plaintiff contends that Defendants are liable for: (I) violation of the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 201 *et seq.*; and (II) violation of the Michigan Opportunity Workforce Wage Act ("MWOWA") under M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 408.381 *et seq. Id.* at 5–7 (Pg. ID No. 5–7). Defendants filed a Motion for Summary Judgment on both counts on April 5, 2016. *See* Dkt. No. 33.

The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court will **GRANT** the Defendants' Motion with respect to Count I, and **DISMISS** Count II to state court for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

On September 11, 2014, Plaintiff initiated this action against the Defendants to recover unpaid wages. *See* Dkt. No. 33 at 8 (Pg. ID No. 133). Plaintiff claims she worked for Defendants from approximately April, 2012 through May, 2014. *Id.* Plaintiff claims she worked an approximate total of 662 hours without pay for Defendants Ramsey and BMR Security, LLC, preparing logs, invoices, scheduling, and payroll. *Id.* Further, Plaintiff alleges she worked for Defendants Ramsey and BMR Lawn Care for approximately 24 hours without pay assisting with various landscaping tasks. *Id.* at 9 (Pg. ID No. 134).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court

must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

### A. The Scheduling Order

Plaintiff first argues that the Motion should be denied because it was filed more than 30 days after the close of discovery, and well after the December 15, 2015 dispositive motion deadline set by the Court. Dkt. No. 37 at 10 (Pg. ID No. 262). The Court disagrees.

This Court has taken notice that Defendant Bryan Ramsey has been in bankruptcy since July 10, 2015. Dkt. No. 38. On March 22, 2016, the Court held a status conference with the parties and gave permission to Defendants to file the present motion. Therefore, the Court will exercise its discretion and hear the motion.

### B. The Fair Labor Standards Act

The FLSA provides employees with two means of protection. "First, employees may be employed in an enterprise engaged in commerce or the production of goods for commerce and thus enjoy 'enterprise coverage.' " *Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 802–03 (N.D. Ohio 1996). "Second, employees may themselves be engaged in commerce or in the production of goods for commerce, enjoying 'individual' coverage." *Id.* at 803.

#### a. Enterprise Coverage

Under FLSA, protection is extended to "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce…." 29 U.S.C. § 206(a). This coverage—known as "enterprise coverage"—extends to employees of enterprises that have "an annual gross volume of sales made or business done [of] not less than $500,000…." *See* 29 U.S.C. § 203(s)(1); *Hiar v. Hingston*, No. 95–1703, 1996 WL 506501, *1 n.2 (6th Cir. September 5, 1996).

Defendants argue, and have evidenced via sworn affidavit, that the Defendants have never generated $500,000 in revenue at any point. Dkt. No. 33 (Exhibit 3, ¶16). This evidence goes undisputed. Therefore, there is no genuine

issue of material fact. Accordingly, the Court finds that there is no "enterprise coverage."

### b. Individual Coverage

Plaintiff argues that regardless of the existence of "enterprise coverage," the Plaintiff is still entitled to "individual coverage." Dkt. No. 37 at 10 (Pg. ID No. 262). An individual may gain "individual coverage" if the employee "themselves [is] engaged in commerce or in the production of goods for commerce…." *Kowalski*, 920 F. Supp. at 803; *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 295 n.8 (1985). Thus, the question before the Court is whether Plaintiff was "engaged in commerce."

Commerce is defined under FLSA as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). "The 'commerce' referred to in the Act must be interstate commerce, and not all of the activities subject to the constitutional power of Congress over interstate commerce come within the scope of the Act." *Mitchell v. Welcome Wagon, Inc.*, 139 F. Supp. 674, 678 (W.D. Tenn. 1954); *Hiar*, 1996 WL 5056501 at *1 n.2 (finding that the *Mitchell* decision is "still viable" to the extent that it directs plaintiffs arguing for individual coverage.); *Kowalski*, 920 F. Supp. at 803 (a finding of "individual coverage" still "hinge[s] on

the company engaging in interstate commerce."). This definition "has no application to the internal affairs of the employer." *Id.*

"The test under the Act to determine whether an employee is 'engaged in commerce' is . . . whether the employee's activities are actually in or so closely related to the movement of commerce as to be a part of it." *Id.* (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). "The burden of proof is upon the Plaintiff as the one asserting coverage, to prove that Defendant's employees are engaged in commerce or in the production of goods for commerce." *Id.*

Plaintiff argues that her secretarial duties—i.e. the production and mailing of invoices and bill payments—qualify as "interstate commerce" under FLSA, and thus qualify her for "individual coverage." Dkt. No. 37 at 11 (Pg. ID No. 263). The Court disagrees.

Under *Mitchell*, "Plaintiff must establish that [Defendants'] employees spend a substantial portion of their time engaging in interstate commerce …." *Mitchell*, 139 F. Supp. at 678. Here, Plaintiff has brought no evidence to show that her activities were "closely related" to the movement of commerce between states, or that any invoices or bill payments were ever sent out of state. Plaintiff merely argues that she was responsible for mailings that had the "potential" to move throughout interstate commerce. Dkt. No. 37 at 11 (Pg. ID No. 253). This argument is insufficient to carry the Plaintiff's burden. *Mitchell*, 139 F. Supp. at

678 ("The burden is not sustained by pointing to some small incidental interstate activity of a fundamentally intrastate business."). Moreover, there has been no evidence to suggest that Defendants conducted business out of state. On the contrary, Defendants' have brought evidence that they conducted business "solely within Southeastern Michigan …." Dkt. No. 33 (Exhibit 3, ¶15). Accordingly, Plaintiff is not entitled to individual coverage and her FLSA claim fails.

### C. The Michigan Workforce Opportunity Wage Act

Plaintiff has also brought a claim under the Michigan Workforce Opportunity Wage Act ("MWOWA"). The federal claims having been dismissed, the Court declines to grant supplemental jurisdiction over the state law claims.

### V. RECOMMENDATION

For the reasons discussed herein, the Court **GRANTS** the Defendants' Motion with regard to Count I. Furthermore, the Court **DISMISSES** Count II for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: May 17, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge